Bank of N.Y. Mellon v Sakkal (2021 NY Slip Op 01021)





Bank of N.Y. Mellon v Sakkal


2021 NY Slip Op 01021


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-00594
 (Index No. 135643/16)

[*1]Bank of New York Mellon, etc., respondent,
v
Allan Sakkal, etc., appellant, et al., defendants.


Law Office of Julio E. Portilla, P.C., New York, NY, for appellant.
Woods Oviatt Gilman LLP, Rochester, NY (Cassie T. Dogali of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Allan Sakkal appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated December 6, 2017. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated April 3, 2017, denying that branch of the motion of the defendant Allan Sakkal which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order dated December 6, 2017, is affirmed insofar as appealed from, with costs.
On August 3, 2016, the plaintiff commenced this action to foreclose a mortgage given by the defendant Allan Sakkal (hereinafter the defendant), as security for a loan in the sum of $318,500 evidenced by a note dated September 30, 2005. The plaintiff alleged that the defendant defaulted in making his mortgage payment due on November 1, 2008, and all payments due thereafter.
The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, arguing that more than six years had elapsed since the debt had been accelerated by a previous foreclosure action commenced on May 18, 2010. By order dated April 3, 2017, the Supreme Court, among other things, denied that branch of the defendant's motion.
Thereafter, the defendant moved for leave to reargue that branch of his prior motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him, arguing that the action was time-barred because more than six years had elapsed since the debt had been accelerated by an earlier foreclosure action that had been commenced on October 3, 2007. By order dated December 6, 2017, the Supreme Court, inter alia, upon reargument, adhered to its prior determination denying that branch of the defendant's motion. The defendant appeals.
The evidence demonstrated that the defendant entered into a 2008 modification agreement that constituted an affirmative act of revocation sufficient to cancel the running of the [*2]statute of limitations that was triggered by the commencement of the 2007 action (see Goshen Mtge., LLC v DePalma, 186 AD3d 1203, 1206). On May 18, 2010, the plaintiff commenced the second foreclosure action, which re-accelerated the mortgage. However, on July 21, 2010, the defendant commenced a bankruptcy proceeding which concluded with an order of discharge on October 27, 2010. The statute of limitations was tolled during the 99-day period between commencement of the bankruptcy proceeding and the discharge (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 970). As such, the plaintiff had until August 25, 2016, to commence this foreclosure action. Since this action was commenced on August 3, 2016, it was timely commenced within the statute of limitations. Accordingly, the Supreme Court properly, upon reargument, adhered to its prior determination denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., MILLER, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court